CITY OF AUGUSTA *vs.* INHABITANTS OF MERCER.

Kennebec. Opinion January 28, 1888.

*Stat. 1875, c. 21. R. S., c. 24, § 8. Stat. 1885, c. 269. Paupers. Soldiers.*

Under the act of 1875, chap. 21, supplies furnished to relieve the distress of a soldier, to operate as pauper supplies and prevent his gaining a new pauper settlement, must have been furnished to relieve distress not occasioned " in consequence of an injury sustained in the service."

The act of 1875 partially, and the act of 1885 completely, save the exception contained in it, removed pauper disabilities from soldiers whose distress calls for relief under the pauper laws of the state. Under either act, supplies furnished to relieve a soldier from distress may be recovered of the town charged with his legal settlement.

ON exceptions and motion to set aside the verdict, by the defendants, from the superior court.

The opinion states the case.

*A. M. Goddard*, city solicitor, for the plaintiff, cited : *Sebec* v. *Dover*, 71 Maine, 573 ; Stat. 1885, c. 265 ; Stat. 1887, c. 9, & c. 146 ; R. S., c. 24, § 3 ; *Etna* v. *Brewer*, 78 Maine, 377.

*Merrill and Coffin*, for defendants.

By R. S., c. 24, § 10, it is provided that towns shall relieve persons having a settlement therein when, on account of poverty, they need relief. By § 35 of the same chapter overseers shall relieve destitute persons found in their towns, and having no settlement therein, and may recover for supplies so furnished of the town liable.

Section 8, c. 24, provides that no soldier who served by enlistment in the army or navy of the United States, in the war of eighteen hundred and sixty-one, and in consequence of injury sustained in said service, has or may become dependent upon any town, shall be considered a pauper, or be subject to disfranchisement for that cause.

All existing statute provisions upon a particular topic are to be examined together to ascertain the meaning of each, and a meaning which is incompatible with any plain provision must be rejected. *Merrill* v. *Crossman*, 68 Maine, 414.

When we examine into the history of § 1, c. 144, of the R. S., we find it to be in keeping with the promises made by the State when the Governor called for ten thousand men in 1861. P. L., 1861, c. 63, amended by 1862, c. 128 and from year to year up to 1865.

HASKELL, J. Assumpsit to recover pauper supplies furnished in 1885 and 1886 to an honorably discharged soldier of the United States in the war of the rebellion.

It is admitted that the soldier had a legal settlement in defendant town prior to June 5, 1877, and that since that date he has resided in plaintiff city ; so that unless he received supplies as a pauper from the plaintiff city during his residence there, so as to interrupt any five consecutive years of it, he has gained a legal settlement there, and the plaintiff cannot recover.

The act of 1875, c. 21 provides : " No soldier who has served by enlistment in the army or navy of the United States in the war of 1861, and in consequence of injury sustained in the service may become dependent upon any city or town in this state, shall be considered a pauper or subject to disfranchisement for that cause."

In order that supplies furnished to relieve the distress of the soldier may, under this act, operate as pauper supplies to prevent his gaining a new pauper settlement, they must have been furnished to relieve distress that was not occasioned "in consequence of an injury sustained in the service." *Glenburn* v. *Naples*, 69 Maine, 68.

The evidence authorized the jury to find that supplies furnished by the plaintiff city in May and June, 1880, were not to relieve distress " in consequence of an injury sustained in the service," and therefore operated to interrupt any five consecutive years' residence of the soldier in plaintiff city prior to the supplies sued for, furnished in March and April, 1885. The burden to show the contrary was upon the defendant town. *Etna* v. *Brewer*, 78 Maine, 377.

The disability resulting from the soldier's army service was piles. The sickness causing the distress necessary to be relieved was occasioned by sudden cold resulting in a lung fever. The latter sickness is not proved to have resulted from or to have been caused by the former physical trouble. No connection can be shown between the two, but from the most intangible, indefinite and unsatisfactory reasons.

The act of 1875 was re-enacted in the revision of 1883, c. 24, § 8, and that was amended by act of 1885, c. 269, omitting the provision, " in case of injury sustained in the service," thereby removing pauper disabilities from all honorably discharged

soldiers of the United States in the war of the rebellion receiving pauper supplies, and adding the provision, "but the time during which said soldier is so dependent shall not be included in the period of residence necessary to change his settlement."

The act of 1875 partially, and the act of 1885 completely, save the exception contained in it, removed pauper disabilities from soldiers whose distress calls for relief under the pauper laws of the state. Under either act, supplies furnished to relieve a soldier from distress may be recovered of the town charged with his legal settlement. *Sebec v. Dover,* 71 Maine, 573.

The charge of the presiding justice is in accord with this opinion, and the evidence fully sustains the verdict.

*Motion and exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN and FOSTER, JJ., concurred.

LIBBEY, J., did not sit.